## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES RITCHASON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 20-cv-58-SMY |
| | ) |
| HERITAGE COAL formerly known as | ) |
| PEABODY COAL COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. 63). Plaintiff James Ritchason filed the instant action against Defendants Custom Staffing Services and Heritage Coal, formerly known as Peabody Coal Company, alleging retaliatory discharge in violation of the Illinois Worker's Compensation Act, 620 ILCS 305/4(h) (Doc. 28).[1]  Defendant Heritage Coal was served with a copy of the summons and Amended Complaint on May 15, 2020 (Doc. 33), but failed to answer Plaintiff's Amended Complaint or otherwise plead. Accordingly, a Clerk's Entry of Default was made on July 15, 2020 (Doc. 36).

### Background

According to the Complaint, Plaintiff James Ritchason was employed by Peabody Coal Company when he was injured on the job.  As a result of his injuries, Ritchason applied for benefits under the Illinois Worker's Compensation Act.  Ritchason alleges that his employment with Peabody was terminated in retaliation for him filing a worker's compensation claim.  Ritchason seeks damages to compensate him for his loss of income and benefits.

---

[1] Pursuant to a Stipulation, Defendant Custom Staffing Services was dismissed from the case with prejudice on October 21, 2021 (Doc. 54).

**Discussion**

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

The Court conducted an evidentiary hearing on January 26, 2022, regarding Ritchason's claimed damages during which Ritchason testified and Exhibit A was admitted into evidence. That evidence establishes that Ritchason's employment with Peabody effectively terminated on June 17, 2019. At the time, his average weekly wage rate was $817.42. Thus, his wage loss through the date of the hearing totaled $111,169.12 (136 weeks and 2 days).[2]

Accordingly, Plaintiffs' Motion for Entry of Default Final Judgment (Doc. 63) is **GRANTED** and Default Judgment is entered in favor of Plaintiff and against Defendant Heritage Coal **in the**

---

[2] As Ritchason did not produce evidence of the value of lost benefits, none will be awarded.

amount of **$111,169.12**.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly and to

close this case.

      **IT IS SO ORDERED.**

      **DATED:  April 22, 2024**

 

**STACI M. YANDLE**
**United States District Judge**